**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RAMON DE PAZ-SALVADOR,

   Petitioner,

       v.

RONNIE HOLT, WARDEN,

   Respondent.

CIVIL ACTION NO. 3:10-CV-2668

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 15.)  The Report recommends that Petitioner's motion for habeas corpus (Doc. 1) be denied.  The Court has reviewed the Report and Recommendation *de novo*, and for the reasons explained below, the Magistrate's Report will be adopted.

### I. Background

Ramon De Paz-Salvador ("Petitioner") is a Mexican national and convicted felon who is currently serving a seventy-seven (77) month federal sentence for illegal re-entry into the United States.  In his Petition for Writ of Habeas Corpus (Doc. 1.), Petitioner argues that the Bureau of Prisons ("BOP") incorrectly computed his federal sentence by not providing him with credit for the time he spent in state custody prior to his federal sentencing, and by not allowing him credit for the time spent in immigration detention pending deportation.  Currently, De Paz-Salvador has been credited a total of 348 days towards his federal sentence. (Doc. 10-1 at 8.)

On June 14, 2008, local authorities in Georgia arrested De Paz-Salvador and charged

1

him with state offenses of aggravated assault and criminal trespass. On March 12, 2009, Petitioner was convicted of simple assault and criminal trespass and was sentenced to nine months in prison. State officials provided Petitioner with extensive credit against his sentence, and accordingly determined that he had retroactively satisfied his state sentence on October 27, 2008.

On March 16, 2009, De Paz-Salvador was released from state custody into the custody of officials for the Bureau of Immigration and Customs Enforcement ("ICE") for an outstanding detainer issued by the agency. While this immigration detention was initially undertaken for the sole purpose of conducting deportation proceedings, on April 3, 2009, the criminal investigation component of ICE initiated criminal charges against De Paz Salvador for illegal re-entry by a deported alien. De Paz-Salvador was charged criminally with illegal re-entry to the United States by a previously deported alien on April 23, 2009 and was taken into custody on May 4, 2009. On October 28, 2009, De Paz-Salvador was sentenced in the United States District Court for the Middle District of Georgia to a seventy-seven (77) month term of imprisonment.

De Paz-Salvador received credit towards this term due to his detainment following the completion of his state sentence (October 28, 2008) to when he was taken into ICE custody on March 16, 2009. He was not given credit for the period between March 16, 2009 and April 3, 2009 as his status was custody pending deportation, which is not "official detention" for the purpose of prison term credit. However, De Paz-Salvador's detention status was modified to pending criminal prosecution on April 3, 2009. Accordingly, his sentence was credited for the period between initiation of criminal charges on April 3, 2009 to ultimate

sentencing on October 28, 2009.  He has been given a total of 348 days of credit.[1]

This Petition has now been fully briefed by the parties (Docs. 1, 7, 10 and 14) and is ripe for resolution.  For the reasons set forth below, it is recommended that the Petition be denied, since the BOPs' revised sentencing credit determination accurately calculates the sentence credit that De Paz-Salvador is entitled to receive in accordance with the law which governs such credits.

## II. Discussion

### A. Legal Standard for Reviewing a Report and Recommendation

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v.*

---

[1] This number reflects an amended determination increased from 328 days.  Since De Paz-Salvador filed his initial Petition, the BOP's Designation Sentencing and Computation Center has credited his sentence for the period of April 3, 2009 through April 22, 2009, reflecting the change in Petitioner's detention status from pending deportation determination to pending criminal prosecution. The change was in response to this Court's request to reexamine the issue in light of *Galan-Paredes v. Hogsten*, No. 06-1730, 2007 WL 30329 (M.D. Pa. Jan. 3, 2007), which held that prisoners being detained in immigration custody in anticipation of a federal indictment for illegal re-entry are entitled to credit for the time period during which immigration officials held them awaiting indictment. (Doc. 9.)

*United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Here, the Court reviews the portions of the report and recommendation which De Paz-Salvador objects to *de novo*. The remainder of the report and recommendation is reviewed for clear error.

**B. Guidelines for Computing Criminal Sentences**

"It is well settled that: 'The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence.'" *Scott v. Holder*, No. 1:11–CV–757, 2011 WL 2713429 at *2 (M.D. Pa. May 25, 2011) (quoting *Binford v. United States*, 436 F.3d 1252, 1254-55 (10th Cir. 2006)); *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *aff'd*, 100 F.3d 946 (3d Cir. 1996).

These determinations rest upon a comprehensive statutory and regulatory framework. A key component of this system involves the delegation of authority for initial sentence computations. By law:

> The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, *United States v. Wilson*, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and has delegated that authority to the Director of the Bureau of Prisons. 28 C.F.R. § 0.96 (1992). . . . [Thus], [t]he decision to grant or deny credit for time served prior to the date of sentencing vests initially in the BOP, not the sentencing judge.

*Chambers v. Holland*, *supra*, 920 F.Supp. at 621.

However, as the Supreme Court has recognized, *United States v. Wilson*, 503 U.S. 329 (1992), the BOP is guided by statute in calculating credit for time served; namely, 18 U.S.C. § 3585, which provides that:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody . . . ." 18 U.S.C. § 3585(a). "As a result, a federal sentence [typically] cannot begin to run earlier than on the date on which it is imposed." *Segura-Sanchez v. Sniezek*, No. 4:10-CV-461, 2010 WL 4867625, at *3 (M.D. Pa. Oct. 13, 2010) (citing *Taylor v. Holt*, 309 F.Appx. 591, 592-93 (3d Cir. 2009)). When calculating credit for time accrued in custody, "[t]he BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." *Taylor,* 309 Fed. Appx. 593 (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).

Time spent solely in civil or administrative immigration custody pending deportation cannot be credited against a federal sentence as § 3585 only allows credit for time spent in "official detention" on criminal charges. *Galan-Paredes v. Hogsten*, No. 06-1790, 2007 WL 30329, at *2 (M.D.Pa. Jan. 3, 2007). "[T]ime spent in ICE custody awaiting the outcome of removal proceedings is not time in official detention that must be credited under section 3585(b)(1) to a federal sentence imposed on a conviction that occurs subsequent to a petitioner's civil detention or custody by ICE." *Id.* (citations omitted). S*ee also*, *United States v. Ifeoluwa*, 238 F.App'x 895, 900-01 (3d Cir. 2007); *United States v. Taymes*, No. 07-108-S, 2010 WL 93695, at *3 (D.R.I. Jan. 8, 2010) (finding it "clear that . . . a prisoner's detention by immigration authorities based solely on his illegal status in this country may not be credited towards the prisoner's term of imprisonment.").

However, unlike ICE detainees solely awaiting removal, those being held in immigration custody in anticipation of a federal indictment for illegal re-entry are entitled to credit for their time held awaiting indictment. *See e.g.*, *Reyes-Ortiz v. Schultz*, No. 08-6386, 2009 WL 4510131 (D.N.J. Dec. 1, 2009); *Galan-Paredes v. Hogsten*, No. 06-1730, 2007 WL 30329, at *2-3 (M.D. Pa. Jan. 3, 2007) (holding that "time spent in ICE custody awaiting the outcome of removal proceedings is not time in official detention that must be credited under section 3585(b)(1) to a federal sentence imposed on a conviction that occurs subsequent to a petitioner's civil detention or custody by ICE."). This determination is similarly codified in the BOP's Program Statement, that "[a]n inmate being held by INS pending a civil deportation hearing is not being held in 'official detention' pending criminal charges." (Doc. 7, Kelly Decl. Ex. 1 ¶ 6; Program Statement 5880.28, Sentence Computation Manual, Attach.

B.)

**B. Petitioner's Federal Sentence**

    **1. The Calculation of Petitioner's Sentence Was Proper**

The Magistrate Judge was correct in affirming the BOP's revised calculation of Petitioner's federal sentence.

It is undisputed that De Paz-Salvador commenced his federal sentence on the date it was imposed, October 28, 2009. This is the undeniable starting point for De Paz-Salvador's sentence since "a federal sentence [typically] cannot begin to run earlier than on the date on which it is imposed." *Segura-Sanchez v. Sniezek*, 2010 WL 4867625, at *3 (M.D. Pa. Oct. 13, 2010) (citations omitted).

At the time that he was sentenced for this federal offense, De Paz-Salvador had fully completed his sentence for his state-law crimes. Since De Paz-Salvador received credit for his time in prison serving state sentences, he was not entitled to further credit for this period of imprisonment against his federal sentence. It is well settled that Petitioner may not receive "credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." *Taylor*, 309 F. App'x at 593 (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).

Instead, the BOP credited De Paz-Salvador's federal sentence for time spent in state custody which had not been credited against any state sentence (October 29, 2008, to March 16, 2009). This was in accordance with § 3585's mandate that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . ., that has not been credited

7

against another sentence." 18 U.S.C. § 3585(b).  Furthermore, the BOP credited De Paz-Salvador for the time he spent in pre-trial detention on his federal charge from March 16, 2009, until he was sentenced on October 27, 2009.  This credit was correct as prisoners who are being held in immigration custody in anticipation of a federal indictment for illegal re-entry are entitled to credit for the time period during which immigration officials held them awaiting indictment.  See e.g., *Galan-Paredes v. Hogsten*, No. 06-1730, 2007 WL 30329 (M.D. Pa. Jan. 3, 2007).

De Paz-Salvador further suggests that he is entitled to credit for the time spent in state custody from June through October of 2008, a period prior to imposition of his federal sentence.  This is inappropriate as a legal matter since a federal sentence cannot run concurrently to a state sentence which had concluded prior to the imposition of the federal prison term.  It is also factually inappropriate as nothing in the record suggests that the federal district court in Georgia intended such a result, something the court could have easily achieved through the application of Section 5G1.3 of the Sentencing Guidelines.

Finally, any uncertainty evinced the federal sentencing transcript is immaterial to the BOP's ultimate sentence calculation.  It is true that the transcript reveals uncertainty as to whether, and to what extent, De Paz-Salvador was detained by state or federal officials between the date of his arrest and the date of sentencing.  (Doc. 7, Sentencing Transcript Ex. 2 at 9-10.)  Moreover, the criminal judgment and the sentencing transcript both reflect that the sentencing judge ordered De Paz-Salvador's federal sentence to run "concurrently to the sentence that you are currently serving under Clarke County, Georgia Superior Court Docket number SU-CR-1712," suggesting uncertainty as to whether De Paz-Salvador had completed his state sentence.  (*Id.* at 10.)  However, the federal sentencing judge repeatedly

deferred to the BOP for the ultimate calculation of Petitioner's sentence credit, twice stating that the issue of credits toward this federal sentence was to be determined by the BOP. (*Id.*) Therefore, this Court finds there is no indication the sentencing judge intended Section 5G1.3 of the Sentencing guidelines to apply and finds the BOP's determination for Petitioner's sentence credit to be accurate.

### 2. Immigration Custody for the Purpose of Pending Criminal Prosecution

The Magistrate Judge properly determined that Petitioner's detainment status changed to pending criminal prosecution as of April 3, 2009.

Petitioner argues that the Magistrate Judge erred in failing to properly determine when precisely ICE determined to prosecute him for his illegal re-entry to the United States. (Doc 16.) Specifically, in his Traverse (Doc. 14), petitioner contends that ICE necessarily made a determination to prosecute Petitioner for illegal re-entry upon his initial June 24, 2008 arrest, and that the entire period following the arrest should be credited towards his federal sentence. Petitioner claims that "it cannot be easily inferred that the Special Agent(s), that had interviewed Petitioner at the country jail where he was being held since June 14, 2008, only had just determined on April 3, 2009, that Petitioner was elligible (sic.) for criminal prosecution for violation of [illegal re-entry], nearly ten (10) months later." (*Id.* at Page 4.) This is based on the notion that "[t]he determination/ investigation of an individual suspected of illegal reentry is not difficult, complicated, intricate, or involved." (*Id.*)

Petitioner specifically relies on *Galan-Paredes v. Hogsten*, No. 1:CV-06-1730, 2007 WL 30329 (M.D.Pa. Jan. 3, 2007). Factually similar to the instant case, *Galan-Paredes* concerned a prisoner contesting his BOP sentence credit, claiming that his entire detainment

9

should be considered in anticipation of a federal indictment as "[i]t was inevitable he would be charged once his immigration history was made clear." *Id.* at *1-2. The court disagreed, holding that an ultimate indictment did not necessarily indicate that all time spent in custody was pending criminal prosecution, but "the relevant fact is whether ICE decided to put off removal proceedings in preference to criminal prosecution." *Id.* at *4. The court concluded that it would require additional evidence from ICE about when it determined the case was appropriate for prosecution in order to make a final determination. *Id.*

In light of *Galan-Paredes*, the Court ordered Respondents that petitioners to "file evidence concerning when ICE made a decision that the Petitioner's case was appropriate for criminal prosecution and if so, when that decision was made." (Doc. 9.) In response, Respondents affirmed in a sworn declaration that:

> Petitioner was taken into custody by ICE on March 16, 2009, for the sole purpose of deportation proceedings. On April 3, 2009, the criminal investigation component of ICE initiated criminal charges against the Petitioner for illegal re-entry. His status with ICE as of April 3, 2009, was therefore changed to pending criminal prosecution.

(Doc. 10-1, Supplemental Decl. Michael S. Romano Ex. 1 ¶ 3.) Moreover, ICE records pertaining to Petitioner are affirmed under oath to state the same conclusion, that Petitioner's status with ICE was changed to pending criminal prosecution as of April 3, 2009. (Doc. 10-1, Decl. Sonya Lewis Ex. 1, Attach. 2 ¶ 3)[2]

Accordingly, the Court rejects Petitioner's argument and finds that it was on April 3,

---

[2] In his traverse, Petitioner also argues that the government has not complied with the Court's January 27 order (Doc. 9). The Court disagrees. The government's supplemental response in this case (Doc. 10) directly addresses the issue identified in *Galan-Paredes* and noted in the January 27 order, the sentence calculation dilemma that arises when an immigration detainee also comes under criminal scrutiny.

2009 that the government intended to prosecute De Paz-Salvador.  As such, this Court's review of the BOP's modified calculations indicates that Petitioner's federal sentence of illegal re-entry properly reflects the reduction of all applicable time spent in custody.

### III. Conclusion

For the reasons explained above, the Magistrate Judge's Report and Recommendation will be adopted, the Petition for Writ of Habeas Corpus be denied.  An appropriate order follows.


 August 31, 2011                                                 /s/ A. Richard Caputo   
Date                                                                   A. Richard Caputo
                                                                           United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON DE PAZ-SALVADOR,

    Petitioner,

        v.

RONNIE HOLT, WARDEN,

    Respondent.

CIVIL ACTION NO. 3:10-CV-2668

(JUDGE CAPUTO)

## ORDER

**NOW**, this   31st   day of August, 2011, after consideration of Magistrate Judge Martin C. Carlson's Report and Recommendation  (Doc. 15.), **IT IS HEREBY ORDERED THAT**:

1.    The Report and Recommendation is **ADOPTED**.

2.    The Clerk of the Court is to mark the matter in this Court **CLOSED**.

          /s/ A. Richard Caputo  
          A. Richard Caputo  
          United States District Judge